IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| DOUGLAS HUNSBERGER, | |
| Plaintiff, | Civil No. 18-15177 (RBK/KMW) |
| v. | **OPINION** |
| THE ORIGINAL FUDGE KITCHEN, *et al.*, | |
| Defendants. | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon two motions: Defendant Boardwalk Bucks' Motion (Doc. 21) to Dismiss the Complaint and Crossclaim, and Plaintiff Douglas Hunsberger's Motion (Doc. 23) to Extend Time for Service of Process. For the reasons expressed herein, Defendant's motion is DENIED and Plaintiff's motion is GRANTED.

**I.  BACKGROUND**

Plaintiff Douglas Hunsberger ("Plaintiff") is a professional photographer; he brought this underlying action against several New Jersey businesses and business owners who allegedly infringed upon his copyright for various advertising brochures. (Doc. 1 ("Compl.") ¶1.) Defendants include: The Original Fudge Kitchen and its owner ("Fudge Kitchen Defendants"); Starlight Fleet and its owner ("Starlight Fleet Defendants"); and Boardwalk Bucks ("Boardwalk"). (*Id.*) Boardwalk, the subject of the present motion, is a company that compiles advertisements from businesses in the New Jersey Cape region into coupon books and other tourist publications. (*Id.* ¶9.)

1

Plaintiff filed his Complaint against all Defendants on October 22, 2018. (Compl.) The Fudge Kitchen Defendants filed their answer on January 10, 2019 (Doc. 5),[1] and the Starlight Fleet Defendants filed their answer on March 4, 2019, in which they asserted a crossclaim against Boardwalk. (Doc. 6.)

On July 16, 2019, Boardwalk's counsel entered a notice of appearance, and on August 1, 2019 moved to dismiss the complaint and cross claim pursuant to Federal Rule of Civil Procedure 4(m). (Docs. 19, 21.) Boardwalk argued that it had not been served until 250 days after the Complaint was filed, far outside the 90 days required by Rule 4(m). (Doc. 21-1 at 2.) It argued that it would be prejudiced by coming into the case later than the other Defendants. (*Id*.)

Plaintiff responded on August 16, 2019, arguing that he attempted to serve Boardwalk within the time limit, but that "the only addresses that Plaintiff was able to obtain for Boardwalk Bucks were a seasonal stand in North Wildwood that was closed during the winter months, and an address in Philadelphia that proved to be invalid." (Doc. 22-2 at 1.) Plaintiff argues that he could not serve Boardwalk until June 29, 2019, when the seasonal stand was reopened. (*Id*. at 2–3.) The Fudge Kitchen and Starlight Fleet Defendants have also filed briefs opposing Boardwalk's motion, arguing that the case is still at an early stage in discovery, and that they would be prejudiced if they could not bring crossclaims against Boardwalk. (Docs. 24, 25.) On September 25, 2019, this Court stayed all discovery pending the resolution of Boardwalk's motion. (Doc. 33.)

## II. LEGAL STANDARD

The Third Circuit has established a two-part test for determining whether to dismiss a complaint under Rule 4(m). *See Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997). First, the court must determine whether "good cause exists for a plaintiff's failure to effect timely service."

---

[1] The Fudge Kitchen Defendants' answer has since been amended; the most recent amended answer is Doc. 35.

*Id.*; *see also Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995). If good cause exists, the court must grant the plaintiff an extension of time to serve the complaint. *Boley*, 123 F.3d at 756 (citing Fed R. Civ. P. 4(m)). Second, if good cause does not exist, the court must nevertheless consider whether to grant a discretionary extension of time. *Id.* (citing *MCI Telecomm. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1098 (3d Cir. 1995), *cert. denied*, 519 U.S. 815 (1996)).

In determining whether good cause exists, "the court's primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." *MCI*, 71 F.3d at 1097. The Third Circuit "has equated 'good cause' with the concept of 'excusable neglect' of Federal Rule of Civil Procedure 6(b)(2), which requires a 'demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules.'" *Id.* (citing *Petrucelli*, 46 F.3d at 1312). The Third Circuit has also cited three factors that courts consider when determining the existence of good cause: "(1) reasonableness of plaintiff's efforts to serve; (2) prejudice to the defendant by lack of timely service; and (3) whether plaintiff moved for an enlargement of time to serve." *Id.* (citing *United States v. Nuttall*, 122 F.R.D. 163, 166–67 (D. Del. 1988)).

When considering whether to grant a discretionary extension under the second part of the analysis, the court must do more than reiterate its good-cause finding under the first part of the analysis. *See Boley*, 123 F.3d at 758. An extension of time may be appropriate even if the plaintiff's delay was inexcusable. *Id*. Denying a discretionary extension of time is appropriate if the plaintiff's delay prejudiced the defendant's ability to defend on the merits. *See id.* at 759 (collecting cases where the court properly denied an extension of time to serve because the plaintiff's delay prejudiced the defendant's ability to defend on the merits).

## III. DISCUSSION

At the first step, Boardwalk argues that the Complaint and crossclaim should be dismissed because Plaintiff does not show good cause for the untimely service. (Doc. 31 at 2.) Though it concedes that its New Jersey store was closed for the season when Plaintiff first attempted to serve Boardwalk, it nonetheless argues that Plaintiff could have served it as early as April 5, 2019, when its New Jersey store reopened. (*Id.*) It argues that Plaintiff thus has no excuse for waiting as he did until June 29, 2019 to serve Boardwalk at its New Jersey address. (*Id.*) Boardwalk also concedes that the Philadelphia address listed for Boardwalk was no longer valid, but argues that Plaintiff could have attempted to contact it by mail at either the New Jersey or Philadelphia address, as mail delivered to either address would have been forwarded to Boardwalk. (*Id.*) Boardwalk finally adds that it could have been reached by telephone, even during the off-season at its New Jersey store. (*Id.*)

Plaintiff argues that it did attempt to timely serve Boardwalk at its New Jersey address, which Boardwalk admits was closed, and at its Philadelphia address, which Boardwalk admits was an outdated address listing. Further, Plaintiff timely served both the Fudge Kitchen and the Starlight Fleet Defendants, and again attempted to serve Boardwalk—this time succeeding—in June 2019 during Boardwalk's seasonal operations. Plaintiff's proper service on all but one Defendant, coupled with the fact that it did later succeed in serving Boardwalk, indicates to the Court that the delay in serving Boardwalk was not due simply to Plaintiff's neglect. However, Plaintiff does not explain whether any contact was attempted through mail or telephone, or why he did not seek an extension from this Court closer to the expiration of the 90-day window set out by Rule 4(m). *See Chiang v. U.S. Small Bus. Admin.*, 331 F. App'x 113, 116 (3d Cir. 2009) (stating that plaintiffs' initial efforts to serve defendants were insufficient to constitute good cause where

4

plaintiffs failed to "even ask for an extension of time until after the [defendant] had filed its motion to dismiss").

Nevertheless, even if this Court were to find that Plaintiff did not show good cause under the first step of the Third Circuit's test, the Court finds at the second step that a discretionary extension is appropriate. *Boley*, 123 F.3d at 756; *Barrentine v. New Jersey Transit*, Civ. No. 12-3936, 2013 WL 4606781 (D.N.J. Aug. 28, 2013) (finding that, although the plaintiff failed to show good cause for failure to timely serve the defendant, a discretionary extension of time was nonetheless appropriate because of the plaintiff's good faith efforts and the lack of resulting prejudice to the defendant).

Boardwalk points to the "exchange of initial disclosures" and the "written discovery and responses" that have occurred thus far to argue that, if an extension is granted, it would be "clearly at a disadvantage." (Doc. 31 at 3.) However, the Fudge Kitchen Defendants note that very minimal discovery has occurred, that no depositions have taken place, and that they do not object to Boardwalk receiving additional time to serve discovery requests. (Doc. 25.) The Starlight Fleet Defendants similarly note that the minimal amount of discovery that has taken place could all "be provided to Boardwalk Buck's counsel in an email attachment," and that Defendants will be prejudiced if Boardwalk were to be dismissed from the case. (Doc. 24 at 2–3.)

Considering the limited amount of discovery that has taken place thus far, and considering that this Court stayed discovery on September 25, 2019, so that Boardwalk would not be excluded from further discovery, the Court finds that extending the time for service under Rule 4(m) would not unduly prejudice Boardwalk. Additionally, Boardwalk's presence in this litigation is important for the resolution of Plaintiff's claims against the Fudge Kitchen and Starlight Fleet Defendants, as both sets of Defendants have now filed crossclaims against Boardwalk. (Docs. 6, 35.)

Accordingly, the Court will retroactively extend the time for service of process until June 30, 2019, and will not dismiss this action against Boardwalk under Rule 4(m). *See Thalasinos v. Volvo Cars of N. Am. LLC*., Civ. No. 14-7954, 2016 WL 3436407 (D.N.J. June 16, 2016) (finding that, although no good cause existed, it was within the court's discretion to retroactively extend time for service of process and allow the plaintiff's case to proceed on the merits).

## IV. CONCLUSION

For the reasons expressed above, this Court GRANTS Plaintiff's request (Doc. 23) to extend the time for service of process on Boardwalk and DENIES Boardwalk's motion (Doc. 21) to dismiss the Complaint and crossclaim. An accompanying Order shall issue.

Dated:  2/21/2020                                                                        s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge