NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| DOUGLAS HUNSBERGER, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> THE ORIGINAL FUDGE KITCHEN, *et al.*, : <br> : <br> Defendants. : <br> : | Civil No. 18-15177 (RBK/KMW) <br><br> **OPINION** |

**KUGLER**, United States District Judge:

This matter comes before the Court upon Boardwalk Bucks' Motion to Dismiss Crossclaims (Doc. 41.) For the reasons set forth below, the Motion to Dismiss the Crossclaims is **GRANTED**, and the crossclaims will be **DISMISSED WITHOUT PREJUDICE**.

**I.    BACKGROUND**

Plaintiff Douglas Hunsberger ("Plaintiff") is a professional photographer; he brought this underlying action against several New Jersey businesses and business owners who allegedly infringed upon his copyright for various advertising brochures. (Doc. 1, "Compl." ¶1.) Defendants include the following: The Original Fudge Kitchen and its owner ("Fudge Kitchen"); Starlight Fleet and its owner ("Starlight Fleet"); and Boardwalk Bucks ("Boardwalk"). (*Id.*) Plaintiff filed his Complaint against all Defendants on October 22, 2018. (Compl.) The Starlight Fleet Defendants filed their answer on March 4, 2019, in which they asserted a crossclaim against Boardwalk. (Doc. 6, "Starlight Crosscl.") The crossclaim alleges that Boardwalk is "solely liable and/or jointly and severally liable and/or liable to Starlight Fleet" Defendants "[i]f plaintiffs are

1

found to have suffered the damages alleged in the complaint[.]" (Starlight Crosscl. ¶2.) The crossclaim also asserts that "[i]f Starlight Fleet" Defendants "are found to be liable to plaintiff . . . then all other defendants are liable" to the Starlight Fleet Defendants "by way of contribution and/or indemnity." (*Id.* ¶3.)

The Fudge Kitchen Defendants filed an Amended Answer on October 17, 2019, in which they asserted a similar, if not identical, crossclaim against Boardwalk. (Doc. 35, "Fudge Kitchen Crosscl.") The crossclaim alleges that Boardwalk is "solely liable and/or jointly and severally liable and/or liable" to the Fudge Kitchen Defendants "[i]f Plaintiff is found to have suffered any of the damages alleged through Plaintiff's Complaint[.]" (*Id.* ¶2.) The crossclaim further states that if the Fudge Kitchen Defendants "are found to be liable to Plaintiff for all or part of such damages as Plaintiff may be found to have suffered, then all other Defendants are liable to" the Fudge Kitchen Defendants "by way of contribution and/or indemnity." (*Id.* ¶3.)

Boardwalk filed a Motion to Dismiss (1) Starlight Fleet's crossclaim against Boardwalk and (2) Fudge Kitchen's crossclaim against Boardwalk. (Doc. 41, "Mot. to Dismiss.") Starlight Fleet opposed. (Doc. 44, "Starlight Fleet Opp.") Fudge Kitchen also opposed. (Doc. 46, "Fudge Kitchen Opp."). Boardwalk replied. (Doc. 47, "Reply.")

**II.     LEGAL STANDARD**

   **A.  Motion to Dismiss a Crossclaim**

When deciding a motion to dismiss a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the standard of review for a motion to dismiss a crossclaim is the same standard of review as a motion to dismiss a complaint or any other "claim for relief." Under Federal Rule of Civil Procedure 12(b)(6), the court limits its review to the facts of the claim. *Barefoot Architect, Inc. v. Bunge*, 632 F.3d 822, 835 (3d Cir. 2011). The Court must accept as true all well-pleaded

factual allegations and must construe them in the light most favorable to the nonmoving party. *Phillips v. Cty of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). In other words, a [crossclaim] is sufficient if it contains enough factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The inquiry is not whether a [crossclaimant] will ultimately prevail in a trial on the merits, but whether [he or she] should be afforded an opportunity to offer evidence in support of [his or her] claims. *In re Rockefeller Ctr. Prop., Inc.*, 311 F.3d 198, 215 (3d Cir. 2002). However, legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Iqbal*, 556 U.S. at 678. Rule 8's pleading standard applies to crossclaims made pursuant to Rule 13(g). *See Mathis v. Camden Cnty.,* No. 08–6129, 2009 WL 4667094 (D.N.J. Dec. 3, 2009) (applying Rule 8 as interpreted by the Supreme Court in *Iqbal* and *Twombly* to crossclaims for contribution under the JTCL); *see also Conn. Gen. Life Ins. Co. v. Universal Ins. Co.,* 838 F.2d 612, 623 (1st Cir. 1988) (applying Rule 8 to a crossclaim asserted pursuant to Rule 13(g)); *Ford Motor Co. v. Edgewood Props.,* No. 06–4266, 2008 U.S. Dist. LEXIS 84776, at *58–60 (D.N.J. Oct. 16, 2008).

## III.   DISCUSSION

Boardwalk argues that the Court should dismiss Fudge Kitchen and Starlight Fleet's crossclaims for "joint and several liability" because the crossclaims do not allege facts sufficient to conclude that the Defendants are entitled to joint and several liability. (Mot. at 1.) The Court notes that, while crossclaims seeking joint and several liability do not need to contain "detailed factual allegations," they must allege "sufficient facts to raise" a part's "right to relief above the speculative level." *Standard Fire Ins. Co. v. MTU Detroit Diesel, Inc.,* No. 07–3827, 2010 WL 1379751, at *5 (D.N.J. March 30, 2010) (quoting *Twombly,* 550 U.S. at 555). A mere "formulaic

recitation of the elements" is insufficient. *Id.* Crossclaims for joint and several liability must contain allegations averring how or why the defendants were partially liable. *Id.* at 5–6.

Fudge Kitchen pleads the following in support of its crossclaim: "If Plaintiff is found to have suffered any of the damages alleged through Plaintiff's Complaint, then Defendants . . . state that such damages were caused solely through the actions or omissions of Defendants, Boardwalk Bucks . . . who [is] solely liable and/or jointly and severally liable[.]" (Fudge Kitchen Crosscl. ¶2.) Similarly, Starlight Fleet pleads the following in support of its crossclaim: "If plaintiffs are found to have suffered the damages alleged in the complaint, then such damages were caused solely by the actions or omissions of co-defendants Boardwalk Bucks . . . who [is] solely liable and/or jointly and severally liable[.]" (Starlight Fleet Crosscl. ¶2.) Both crossclaims include paragraphs incorporating by reference the "above paragraphs." (*Id.* ¶1.) However, this is the extent of the Defendants' allegations against Boardwalk; Defendants include no other factual allegations.

The Court finds that under *Twombly*, these pleadings are insufficient to state a claim. Fudge Kitchen and Starlight Fleet have merely recited the elements of their purported claims with no facts regarding why they are entitled to relief. *See MTU Detroit Diesel, Inc.,* 2010 WL 1379751, at *5–6. Neither Defendant makes any attempt to provide factual allegations in support of its claim for joint and several liability, nor does either Defendant identify any theory for why Boardwalk is either solely or jointly and severally liable. Each crossclaim rather simply asserts in a single conclusory sentence that Boardwalk is "solely liable and/or jointly and severally liable." As this Court has routinely held, without more, conclusory pleadings such as these are insufficient to state a claim for relief. *See, e.g.*, *Mathis v. Camden Cty.*, No. 08-6129, 2009 WL 4667094, at *11–12 (D.N.J. Dec. 3, 2009) (finding that dismissal of crossclaim for contribution was proper because the crossclaimant did "not assert any specific factual allegations in an effort to satisfy" the JTCL);

*Ciemniecki v. Parker McCay P.A.*, No. 09-6450, 2010 WL 4746214, at *4 (D.N.J. Nov. 15, 2010) (similar).

The Court also rejects Starlight Fleet and Fudge Kitchen's argument that their "incorporation paragraphs" save the crossclaims. The incorporation paragraphs in each crossclaim merely incorporate the prior paragraphs of each Answer. (*See* Starlight Fleet Crosscl. ¶1; Fudge Kitchen Crosscl. ¶1.) However, neither Answer alleges any factual support. Rather, the Defendants recite only broad denials and state that they lack adequate information to answer. (*See generally* Doc. 6; Doc. 35.) Additionally, neither Starlight Fleet nor Fudge Kitchen incorporates Plaintiff's Complaint by reference. Without proper incorporation, Boardwalk is not afforded adequate notice of the bases of the claims for joint and several liability. *See, e.g.*, *Ciemniecki*, 2010 WL 4746214, at *4–5 (dismissing crossclaims for joint and several liability after finding that they failed to give defendant adequate notice). Starlight Fleet and Fudge Kitchen's wholesale reliance on their incorporation paragraphs cannot save the crossclaims. Accordingly, because neither crossclaim states a claim for relief, the Court **GRANTS** the Motion to Dismiss.

### IV. CONCLUSION

For the reasons contained herein, the Motion to Dismiss Fudge Kitchen and Starlight Fleet's Crossclaims (Doc. 41) is **GRANTED**. The crossclaims will be dismissed, without prejudice. Fudge Kitchen and Starlight Fleet will be granted leave to file Amended Answers with respect to the crossclaims within fourteen (14) days of the entry of the Order accompanying this Opinion. An accompanying Order shall issue.

Dated: 11/12/2020               /s/ Robert B. Kugler
                                ROBERT B. KUGLER
                                United States District Judge